**IT IS ORDERED as set forth below:**



**Date: March 31, 2025**

_Susan D. Barrett_
United States Bankruptcy Judge
Southern District of Georgia

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number 24-10381 |
| TONYA M. WILLIAMS | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### OPINION AND ORDER

Before the Court is the Objection to Confirmation filed by the chapter 13 trustee ("Trustee") arguing Tonya M. Williams' ("Debtor's") proposed chapter 13 plan cannot be confirmed because it fails to commit all of Debtor's "projected disposable income" to the payment of her unsecured creditors.[1] Dckt. No. 10. The Court has jurisdiction pursuant to 28 U.S.C. §1334

---

[1] With respect to other grounds raised in the Trustee's objection, the Debtor indicated on the record at the previous hearing that these issues may have been resolved through the Debtor's filing of amended Schedules I, J, and Form 122C-2 along with Debtor's agreement to contribute $6,000.00 to be paid as a dividend to her unsecured creditors. To the extent necessary, these and any remaining issues will be addressed at the continued confirmation hearing.

1

and this is a core proceeding under 28 U.S.C. §157(b)(2)(L).  This issue involves the proper accounting for child support income for an above-median chapter 13 debtor.  For the following reasons, the Trustee's Objection to Confirmation is sustained in part and overruled in part.

## FINDINGS OF FACT

The following facts are undisputed:

1.  Debtor has been awarded $1,368.00/month[2] in child support as part of her divorce decree.  Ex. 7 at 6, Dckt. No. 25-7.

2.  The two children covered by this child support will be entitled to child support throughout the five-year duration of Debtor's chapter 13 plan.  See id.

3.  On her "Schedule I: Your Income," Debtor includes $417.00 of child support in calculating her combined monthly income but notes she "has excluded $951.00 of child support income on Schedule I, 11 U.S.C. §1325(b)(1)(b)(2).  Total amount of child support income without exclusion is $1368.00."  Ex. 8 at 4, Dckt. No. 25-8.

4.  When Debtor only includes $417.00 of her child support, her combined monthly income is $6,392.51 on Schedule I.  Id.  Including the full $1,368.00 of child support increases her combined monthly income to $7,343.51.  Id.

5.  On her "Schedule J:  Your Expenses," Debtor includes her total household expenses.  Ex. 4 at 5–6, Dckt. No. 25-4.  With only $417.00 of child support included in the calculation her monthly net income is $1,353.05.  Id.  If the excluded portion of child support income is included, Debtor's monthly net income on Schedule J after expenses increases to $2,304.05.  Id.

---

[2]  Debtor clarified the actual child support award is $1,368.00.  In some places in the pleadings, she transposed the numbers.  To avoid confusion, the Court has listed the correct amount throughout this order.

6.   Debtor's 122C-1 (Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period) includes the full $1,368.00[3] in child support and results in a determination that Debtor is an above-median debtor.[4]  Ex. 1 at 47–49, Dckt. No. 25-1.

7.   The Trustee does not object to this calculation.

8.   Debtor's Form 122C-2 (Calculation of Disposable Income) results in negative "monthly disposable income under §1325(b)(2)."  Ex. 5 at 9, Dckt. No. 25-5.

9.   The Trustee does not object to this calculation.

10. Debtor's initial chapter 13 plan proposes for Debtor to pay $1,355.00 per month ($417.00 of which is from the child support) to pay "a 0% dividend or pro rata share of $2,000.00, whichever is greater" to her unsecured creditors.  Ex. 2 §4(h), Dckt. No. 25-2.

11. Debtor has two outstanding 401(k) loans scheduled to be repaid in full during the pendency of the bankruptcy.  Ex. 2 §2(a), §15, Dckt. No. 25-2; Ex. 8 at 4, Dckt. No. 25-8.

12. Debtor proposes to increase her chapter 13 plan payments with each 401(k) loan repayment.  Ex. 2 §2(a), §15, Dckt. No. 25-2.

13. Debtor's chapter 13 plan also proposes for her to retain a luxury vehicle.  Ex. 2 §4(f), Dckt. No. 25-2.

14. In response to the Trustee's objection, Debtor now proposes to increase the dividend paid to unsecured creditors to $6,000.00 in order to retain the vehicle.  Ex. 6 ¶2, Dckt. No. 25-6.

---

[3]   See n.2, supra.

[4]   The Court notes the amount of the child support payments should be included on Line 4 (child support) rather than Line 3 (alimony).  See Official Form 122C-1, Lines 3–4.

15.  At the hearing, Debtor testified she expects her after-school childcare expenses for the children covered by the child support to increase due to changes in her work schedule and after-school care arrangements.

16.  She also anticipates her insurance expenses to rise when her older daughter (who is not covered by the child support) returns to school.

17.  Debtor testified she has primary custody of the two minor children covered by the child support.  <u>See</u> Ex. 7 at 2, Dckt. No. 25-7.

18.  Her ex-husband does not consistently make the monthly $1,368.00 child support payments and Debtor must make up for this financial shortfall.

19.  Furthermore, Debtor's ex-husband does not consistently fulfill the joint custody arrangement, and Debtor cares for the children during these periods, increasing her financial obligation.

<u>**CONCLUSIONS OF LAW**</u>

If the Trustee or an unsecured creditor objects to confirmation, debtors must either pay unsecured creditors in full or commit all of their projected disposable income to the chapter 13 plan.  §1325(b)(1).[5]  The issue before the Court is whether Debtor is committing all of her "projected disposable income" to her chapter 13 plan and whether she is permitted to exclude child support payments from her Schedule I while also deducting the expenses on Schedule J.  "Projected disposable income" is not defined by the Bankruptcy Code, but "disposable income" is defined in pertinent part as:

> [C]urrent monthly income received by the debtor (<u>other than child support payments</u>, foster care payments, or disability payments for a dependent child made in  accordance  with  <u>applicable nonbankruptcy law</u>  to  the  <u>extent reasonably</u>

---

[5]   Unless otherwise expressly noted, all statutory references are to Title 11 of the United States Code ("Bankruptcy Code").

<u>necessary</u> to be expended for such child) <u>less amounts reasonably necessary to be</u> <u>expended</u>—

> (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed . . . .

§1325(b)(2) (emphasis added).

Analyzing this issue involves a review of Schedules I and J and Forms 122C-1 and 122C-2. Traditionally, courts looked to the calculations on Schedules I and J to determine a debtor's projected disposable income.  <u>In re Lanning</u>, 380 B.R. 17, 24 (B.A.P. 10th Cir. 2007), <u>aff'd,</u> 545 F.3d 1269 (10th Cir. 2008), <u>aff'd sub nom.</u> <u>Hamilton v. Lanning</u>, 560 U.S. 505 (2010).  However, in 2005, the Bankruptcy Code was amended with the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") which introduced an objective "means test" designed to "ensure that those who can afford to repay some portion of their unsecured debts [be] required to do so." <u>In re Lanning</u>, No. 06-41037, 2007 WL 1451999, at *3 n.8 (Bankr. D. Kan. May 15, 2007), <u>aff'd</u>, 380 B.R. 17 (B.A.P. 10th Cir. 2007), <u>aff'd</u>, 545 F.3d 1269 (10th Cir. 2008), <u>aff'd sub</u> <u>nom.</u> <u>Hamilton v. Lanning</u>, 560 U.S. 505 (2010) (citing 151 Cong. Rec. S2462–02 (Mar. 10, 2005)).  With the adoption of BAPCPA, all chapter 13 debtors are now required to disclose income and expenditures in two ways:  Schedules I and J (Your Income and Your Expenses, respectively, which are part of Official Form 106) and Official Form 122C-1 (Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period).  Hon. W. Homer Drake, Jr. et al., <u>Chapter 13 Practice and Procedure</u> §8:16 (June 2024); Fed. R. Bankr. P. 1007(b)(1)(B), (b)(6). Official Form 122C-1 compares a debtor's six-month prepetition income to the median income of a comparable debtor to determine if the debtor is an above- or below-median debtor.  <u>See</u> Official Form 122C-1, Lines 16–17.  Above-median debtors must also complete Official Form 122C-2 to

determine their "disposable income under §1325(b)(2)."  Fed. R. Bankr. P. 1007(b)(6); Drake, supra, §8:16.  In this case, Debtor is an above-median debtor.

The Trustee acknowledges child support payments are excluded from "disposable income" as calculated on Form 122C-2, and Debtor may take the child support deduction on her Form 122C-2.  However, Trustee argues "Form 122C determines the minimum dividend [debtors must pay] to general unsecured creditors.  Schedule J relates to what a debtor can afford as a total plan payment" and determines the actual amount a debtor must pay.  Dckt. No. 23, at 3.  Given the facts of this case, where the Debtor is an above-median debtor receiving child support, I disagree.

The calculation of "disposable income" has an income and an expense component.  The Supreme Court in Hamilton directed courts to first look to the calculation of "disposable income under §1325(b)(2)" to determine "projected disposable income" and usually nothing more is required, as "projected disposable income" and "disposable income" will be the same.  Hamilton v. Lanning, 560 U.S. 505, 519 (2010).  However, in the "unusual case [when at the time of confirmation a future change in income or expenses is] known or virtually certain," a court may take such changes into account when determining a debtor's "projected disposable income."  Id.  In this case, the known or virtually certain changes in Debtor's income (when her 401(k) loans are repaid) have been taken into account with Debtor agreeing to step-up her plan payment upon the repayment of each of these loans.  There is no other known or virtually certain information that would likely increase Debtor's disposable income.

On the expense side, "for a[n above-median] debtor with income that exceeds the state median, only certain specified expenses are included [in the calculation of disposable income], see §§ 707(b)(2), 1325(b)(3)(A) . . . ."  Hamilton, 560 U.S. at 510.  Section 707(b)(2) provides a statutory formula for the standardized living expense deductions available to above-median

debtors based upon the national and local standards of comparable household size and provides for certain other actual necessary expenses. Ransom v. FIA Card Servs., N.A., 562 U.S. 61, 64–66 (2011); see also Hamilton, 560 U.S. at 510 n.2; §§707(b)(2), 1325(b)(2), 1325(b)(3); In re Brooks, 784 F.3d 380, 385 (7th Cir. 2015) ("[T]he formulaic approach adopted by §1325(b)(2) . . . is structured to first allow an above-median debtor to calculate her income (excluding reasonably necessary child support), and second, to deduct from that figure standardized living expenses, as defined in §707(b)(2)(A) and (B)."); 8 Collier on Bankruptcy ¶1325.11(4)(b) (16th ed. 2025) ("Courts should not attempt to offset against these [child support] payments the means test expenses of the child for whom they are provided; doing so would render the provision almost meaningless. As the Court of Appeals for the Seventh Circuit has held, in [In re] Brooks … the exclusion of child support . . . means what it says and evidences Congress's special solicitude for the children receiving support."). Official Form 122C-2 uses this formula to calculate allowed expenses for above-median debtors, including those covered by child support. See Drake, supra, §8:16. The Bankruptcy Code and Official Form 122C-2 expressly exclude qualified child support payments from the definition of disposable income[6] and then further exclude "amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . . ." §§1325(b)(2)(A)(i), 1325(b)(3). Similar to social security payments, debtors may voluntarily opt to include such income into the plan, but they cannot be required to do so. See In re Green, No. 17-11119, 2018 WL 1581635, at *2 (Bankr. S.D. Ga. Mar. 27, 2018) (Social security benefits are expressly excluded from disposable income calculation.). In fact, a review of Debtor's

---

[6]   Section 1325(b)(2) excludes child support payments made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child. §1325(b)(2). The Trustee does not dispute the fact that Debtor's child support meets both of these qualifying conditions.

AO 72A
(Rev. 8/82)

Schedule J indicates that is what Debtor has proposed to do.  For these reasons, as to the child support in this case, I find Debtor has properly calculated her projected disposable income.[7]  See generally In re Garrepy, 501 B.R. 13, 16 (Bankr. D. Mass. 2013) (Prior to the enactment of BAPCPA, projected disposable income was commonly determined from Schedule I and J.  But this practice for above-median debtors has been superseded by §1325(b).  Post-BAPCPA, when considering projected disposable income for above-median debtors, courts may deviate from the Form 122C-2 calculations only when unusual or virtually certain changes are present.).

Notwithstanding the foregoing, I agree Debtor must fully disclose and include the child support on her Schedule I and J calculations.  First, debtors are required to file a schedule of current income and a schedule of current expenses.  See §521(a)(1)(B)(ii) (debtors shall file a schedule of current income and expenses); Official Form 106I, Line 8c.  The Trustee and creditors are entitled to a complete picture of a particular debtor's total financial situation, and this requires debtors to itemize their specific income and expenses on Schedule I and J.[8]  Furthermore, debtors must meet the confirmation requirements of §1325(a).  For example, the plan must meet the liquidation analysis.  §1325(a)(4).  It must be feasible.  §1325(a)(6).  And, it must be proposed in good faith.  §1325(a)(7).  Schedules I and J are relevant to this analysis and Debtor must amend her Schedule I accordingly.

For these reasons, the Trustee's objection to confirmation is ORDERED:

---

[7]   Notwithstanding this finding, at the continued confirmation hearing, the Court will consider the exact plan payment necessary to satisfy all the confirmation requirements.

[8]   To be clear, Debtor has candidly disclosed this number on Schedule I—$417.00 on Line 8c and the remaining $951.00 in the box at Line 13; however, she omitted $951.00 of it from her Schedule I mathematical calculations.

AO 72A
(Rev. 8/82)

1.    OVERRULED as to the objection that the plan fails to satisfy the projected disposable income requirement of §1325(b)(1) on account of the child support;

2.    SUSTAINED as to the objection that Debtor must amend her Schedule I within 14 days to include all of her child support on Schedule I; and

3.    The Clerk is directed to set a continued confirmation hearing to consider the other grounds in the Trustee's objection to the extent the Debtor and Trustee have not resolved those issues.

**[END OF DOCUMENT]**

AO 72A
(Rev. 8/82)